## Davis v. Davis

Hicks, P. J., April 25, 1932.—The subpœna in divorce was awarded in this case on December 21, 1931. On the following day, it was filed in the prothonotary's office. On the back of the subpœna we find the following: "And now, January 4, 1932, service of within libel in divorce is hereby accepted together with subpœna in divorce. John Davis, Jr." The respondent did not file his appearance, no answer was filed by him and he did not appear at the hearing before the master.

The Divorce Law of May 2, 1929, P. L. 1237, Sec. 27, requires personal service of the subpœna in divorce. There has been no service of the subpœna on the respondent in this case such as is required by law. The acceptance of service appearing on the back of the subpœna is by no means the equivalent of the statutory service required; on the contrary it is what the law condemns, regarding it as evidence of collusion between the parties. A proceeding in divorce must be essentially adverse, and the law seeks, first of all, to get personal notice of it to the respondent. A readiness on the part of a respondent, who does not propose to resist the application, to assist the libellant by waiving the requirements of the law is inconsistent with the idea of the proceeding being adverse. It shows a disposition to encourage and aid the proceeding, which practically results in the same conditions we have where the proceeding is instituted by active collusion. Acquiescence there may be, and generally is, but when it is expressed by active assistance it is accounted something more, and should and does to a certain extent condemn the proceeding. But apart from this, and accepting a waiver of service as an equivalent of the service itself, to allow it in the shape we have it here would be dangerous in the extreme.

Here service is accepted by someone representing himself to be the person named in the subpœna. Whether he is or not the court has no means of knowing, and can have none. No one vouches for his identity with the respondent named. Nothing about the paper filed is authenticated in any way. According to the endorsement on the subpœna the sheriff collected costs, and if he made the service his affidavit should have been appended. The return receipt, which the master requested when he mailed the registered notice of the taking of testimony to the respondent, is signed "John Davis, Jr." We are not ready to say that the handwriting on the return receipt and on the acceptance of service of the subpœna is the same. We are rather persuaded that it is not.

The Commonwealth is the unnamed third party to this proceeding in divorce. Divorces are granted on public grounds and not to suit the mere desires of the parties. Hence, suspicious circumstances tending to show collusion will be closely scrutinized by the courts. In this case, we have what purports to be a signed waiver on the part of the respondent of the statutory requirements as

386

to the service of the subpœna. Having thus provided the needed assistance whereby the proceeding might go on to a conclusion, he drops entirely out of the picture. To allow such practice as this would not only make futile the safeguards of the law but it would throw so wide open the doors to fraud that it would soon be far easier to get divorced than it is to get married. There having been no legal service of the subpœna in divorce upon the respondent, as far as this record shows, this court is without jurisdiction. See Bittinger v. Bittinger, 4 Dist. R. 441, 442; English v. English, 19 Pa. Superior Ct. 586, 597, 598, 599; Sturgeon on Pennsylvania Law and Procedure in Divorce (2d ed.), 307, 308.

And now, April 25, 1932, for the reason stated, the application for divorce is refused and the proceeding is dismissed, without prejudice, at the cost of the libellant. From M. M. Burke, Shenandoah, Pa.